UNITED STATES of America,
Plaintiff—Appellee,

v.

Jaime MARTINEZ–HUERTAS, A.K.A.
Javier Paz, Defendant—
Appellant.

No. 05–30462.
D.C. No. CR–05–00030–SEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2006.

Decided June 29, 2006.

---

Elizabeth A. Horsman, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before THOMPSON, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Jaime Martinez–Huertas challenges his conviction for reentry of a removed alien in violation of 8 U.S.C. § 1326(a). He argues that the district court should have granted his motion to suppress evidence because a border patrol agent allegedly detained him without reasonable suspicion. We review this claim de novo, *United States v. Meek*, 366 F.3d 705, 711 (9th Cir.2004), and affirm the district court.

When the passenger train on which Martinez–Huertas was traveling stopped for refueling in Havre, Montana, he chose to stay aboard. During that stop, a border patrol agent boarded the train, approached Martinez–Huertas, and posed questions aimed at ascertaining his alienage. Martinez–Huertas answered the questions and was arrested for being an illegal alien. Although he had provided a false name, a fingerprint analysis at the border patrol station revealed Martinez–Huertas's identity, and also that he was a deported alien with a criminal record.

Martinez–Huertas seeks to suppress the evidence of his identity, arguing that the border patrol agent egregiously violated his constitutional rights by questioning him about a crime without reasonable suspicion. We have clearly held that identity evidence is never suppressible, even if there were a constitutional violation leading to its discovery. *See United States v. Del Toro Gudino*, 376 F.3d 997, 1001 (9th

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2004). Moreover, here there was no such violation. The border patrol agent's approach and questioning of Martinez–Huertas did not constitute an investigatory stop, and reasonable suspicion was unnecessary. *See United States v. Woods,* 720 F.2d 1022, 1026 (9th Cir.1983).

Martinez–Huertas also challenges his sentence of imprisonment for seventy-eight months. He argues that his sentence is unreasonable in part because other jurisdictions (specifically jurisdictions with a "fast track" program) are more lenient to similarly situated illegal immigrants. We recently rejected this argument in *United States v. Marcial–Santiago,* 447 F.3d 715, 718–19 (9th Cir.2006). In arriving at Martinez–Huertas's sentence, the district court engaged in the analysis prescribed by the Supreme Court in *United States v. Booker,* 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The sentence is not unreasonable.

AFFIRMED.